132 F.3d 39
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
OFFICERS FOR JUSTICE, Plaintiff-Appellee,
and
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
CITY AND COUNTY OF SAN FRANCISCO, SAN FRANCISCO CIVIL
SERVICE COMMISSION, Defendants-Appellees,
and
SAN FRANCISCO POLICE OFFICERS ASSOCIATION, Intervenor-Appellant.
 No. 97-15140.
 United States Court of Appeals, Ninth Circuit.
 Dec. 10, 1997.
 
 Appeal from the United States District Court for the Northern District of California
 Charles A. Legge, District Judge, Presiding
 Before: HUG, Chief Judge, WALLACE and HALL, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Appellant San Francisco Police Officers Association ("Union") appeals the district court's order authorizing the selection procedure proposed by the City and County of San Francisco ("City") for the 1996 Captain's promotional examination. The Union argues that the proposed selection procedure violates Article I, Section 31 of the California Constitution (California Civil Rights Initiative), Title VII of the Civil Rights Act of 1964 (Title VII), the Equal Protection Clause of the U.S. Constitution, and the 1979 consent decree. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm the district court's order and reject the Union's claim that the district court order violates the California Civil Rights Initiative.
 
 
 3
 Although the Union did not present its claim under California's constitution to the district court, we have discretion to consider it for the first time on appeal. Singleton v. Wulf., 428 U.S. 106, 121 (1976). We reject the Union's argument that the relief ordered by the district court is proscribed by the California Civil Rights Initiative. The 1979 consent decree predates the California Civil Rights Initiative and is cleazly exempt. CAL. CONST., art. I, § 31(d). The relief ordered is an extension of the court's jurisdiction under the consent decree, and therefore is exempt from the California Civil Rights Initiative.
 
 
 4
 As in our 1992 decision concerning assistant inspector and police sergeant examinations, the City's proposed selection procedure for Captains does not violate the Equal Protection Clause, Fitle VII, or the consent decree. See Officers for Justice v. Civil Serv. Comm'n, 979 F.2d 721 (9th Cir.1992).
 
 
 5
 The judgment of the district, court is AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3